IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Taylor Clark<br><br>　　　Plaintiff,<br><br>v.<br><br>AGY Holdings Corporation, Alexandra Peake, and Archie Meyers,<br><br>　　　Defendants. | Case No.: 1:24-cv-07032-SAL<br><br><br>**ORDER** |

Plaintiff Taylor Clark ("Clark") sues AGY Holdings Corporation ("AGY"), Alexandra Peake, ("Peake") and Archie Meyers ("Meyers") (collectively, "Defendants"). Clark asserts two federal causes of action against AGY as well as various state-law causes of action against all Defendants. Defendants moved to dismiss on January 1, 2025.[1] [ECF No. 10.] Clark opposes their motion. [ECF No. 16.]

Pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(4) (D.S.C.), United States Magistrate Judge Kaymani D. West issued a Report and Recommendation ("Report") recommending Defendants' motions be granted. [ECF No. 26.] Clark objects to the recommendation. [ECF No. 27.] For the reasons below, the court adopts the Report and grants Defendants' motion to dismiss, ECF No. 10.

## BACKGROUND

The magistrate judge issued a thorough Report summarizing the facts as alleged in Clark's complaint. [ECF No. 26.] Clark does not object to the Report's factual recitation. [ECF No. 27.]

---

[1] Although Clark's complaint alleges both federal and state causes of action, Defendants' motion only seeks to dismiss her state-law claims. [ECF No. 10 at 1.] Accordingly, Clark's claims arising under federal law are not implicated here.

1

Accordingly, the court incorporates those facts by reference and provides only a brief summary.

Clark, an African-American woman, began working as a human resources ("HR") manager at AGY on September 6, 2023. ECF No. 1 ¶¶ 4, 8. She was one of three employees in the HR department at that time. *Id.* ¶ 10. Around September 22, 2023, she began experiencing "profane, abusive, and racially offensive statements and physical acts of aggression" from several of the company's agents. This abuse included being called an "idiot" and being threatened with termination repeatedly and publicly by supervisors such as Peake and Meyers. *Id.* ¶ 14.

Clark alleges Defendants subjected her to unfair treatment, negative performance reviews, and other adverse actions based on her race. On August 13, 2024, Clark slipped and fell in AGY's parking lot, reported the fall to Peake, her supervisor, and later filed a workers' compensation claim. *Id.* ¶ 17. She also reported the incident to Lori Richards ("Nurse Richards"), Defendant's staff nurse, and was granted accommodations to work from home until August 21, 2024. *Id.* ¶ 18. Clark contends her conditions worsened while working on-site, yet Peake continued to insist she report in person despite Richards repeatedly offering her pain relief. *Id.* ¶ 19.

Clarke was excused form work on August 30, 2024, pending an orthopedic follow up. She later returned to work with the authorization to work remotely. *Id.* ¶ 20. On September 6, 2024, Clark contacted Richards to report worsening symptoms and requested hospital care. *Id.* ¶ 21.

On September 24, 2024, Peake removed Clark from her essential job duties, reassigning those tasks to Clark's two white trainees. *Id.* ¶ 26. By September 26, 2024, Peake "called and forced [Clark] to either use vacation time to pay for time that was originally coded for workers' compensation or Defendant would not pay her." *Id.* ¶ 27.

On October 30, 2024, Nurse Richards emailed staff approving Clark to work from home due to new medications, complications, and physical therapy needs. *Id.* ¶ 28. That same day,

2

Richards sent two follow-up emails concerning Clark's status: one instructing the plant to disregard the initial message and another stating, "Taylor Clark continues to be on WC until further notice." *Id.* ¶ 29.

On October 31, 2024, Peake called Clark and accused her of "faking her injury, being a liar, and not needing her medication." *Id.* ¶ 30. Immediately after the call, Clark's Virtual Private Network (VPN) access was blocked, effectively preventing her from working remotely. *Id.* ¶ 30. She claims, "on information and belief," that Defendants instructed the technology department to block her VPN access to force her to return to the office. She further contends Peake and another employee prohibited AGY employees from speaking with her, bragged about cutting off her access, and instructed staff to only contact her if they needed her assistance. *Id.* ¶ 31.

On November 3, 2024, Clark emailed AGY's Chief Executive Officer, Al Ridilla, reporting workplace discrimination. *Id.* ¶ 32. Ridilla did not respond. However, Peake—who had not been included in the initial email—responded by telling Clark that she "would receive her annual performance review." *Id.* ¶ 33. On November 7, 2024, Peake and Meyers issued a negative performance review, which Clark asserts was racially motivated and retaliatory. *Id.* ¶ 35, 37.

## LEGAL STANDARDS

### I. Review of a Magistrate Judge's Report

The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). In response to a recommendation, any party may serve and file written objections. *See Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023) (citing 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3)). The district court then makes a de novo determination of those portions of the Report to which an objection is made. *Id.* To trigger de novo

review, an objecting party must object with sufficient specificity to reasonably alert the district court of the true ground for the objection. *Id.* (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). If a litigant objects only generally, the court need not explain adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

An objection is specific so long as it alerts the district court that the litigant believes the magistrate judge erred in recommending dismissal of that claim. *Elijah*, 66 F.4th at 460. Objections need not be novel to be sufficiently specific. *Id.* But "[i]n the absence of *specific* objections . . . , this court is not required to give any explanation for adopting the recommendation." *Field v. McMaster*, 663 F. Supp. 2d 449, 451–52 (D.S.C. 2009) (emphasis in original).

### II.  Motion to Dismiss under Rule 12(b)(6)

Under Fed. R. Civ. P. 12(b)(6), a party may move to dismiss for "failure to state a claim upon which relief can be granted." When considering a Rule 12(b)(6) motion, the court must accept the plaintiff's factual allegations as true and draw all reasonable inferences in the plaintiff's favor. *See E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011). The court need not, however, accept the plaintiff's legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

On a motion to dismiss, the court's task is limited to determining whether the complaint states a "plausible claim for relief." *Id.* at 679. Although Rule 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief," a "formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain "sufficient

factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). When considering a motion to dismiss, a court can consider "documents that are explicitly incorporated into the complaint by reference," documents "attached to the complaint as exhibits," and documents attached to a motion to dismiss, as long as they are "integral to the complaint" and "authentic." *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165–66 (4th Cir. 2016).

## DISCUSSION

The court considers Clark's objections to the Report under the above standards.

### I.    Breach of Contract

Clark asserts that AGY breached a contract by failing to abide by its employee handbook, which allegedly assured employees nondiscriminatory and fair treatment. [ECF No. 1 ¶¶ 56–65.] The magistrate judge found that anti-discrimination policies in an employee handbook cannot sustain a breach of contract claim and recommended dismissal of the claims on that basis. *See* ECF No. 26 at 11. The court agrees.[2]

---

[2] Clark claims the magistrate judge erred by failing to consider her arguments based in the quasi-contract concept of promissory estoppel. [ECF No. 27 at 1.] ("[T]he arguments referencing quasi-contract concepts such as promissory estoppel are not, as the [Report] seem[s] to interpret, new arguments. Promissory estoppel has often been described as a substitute for consideration, and therefore it is built into a breach of contract claim by the very foundation of the claim, given that consideration is an essential part of contract formation.").

To the extent Clark alleges promissory estoppel as a separate cause of action, the magistrate judge correctly declined to address it because it was not raised in the complaint. 61B Am. Jur. 2d Pleading § 817 (Jan. 2025 update) ("A trial court cannot enter a judgment on a cause of action not pleaded, and a party cannot bring an action based on one cause of action and recover on another." (footnote omitted)); *see also McDabco, Inc. v. Chet Adams Co.*, 548 F. Supp. 456, 459 (D.S.C. 1982) (holding a cause of action "styled breach of contract" could not be used "to properly allege an affirmative claim for relief based on promissory estoppel").

To the extent Clark alleges promissory estoppel was not properly considered as a substitute for consideration, the court again agrees with the magistrate judge. Although Clark is correct that the

Under South Carolina law, a general policy statement is enforceable as a contract only if the statement is "definitive in nature, promising specific treatment in specific situations." *Hessenthaler v. Tri–County Sister Help, Inc.,* 616 S.E.2d 694, 698 (S.C. 2005). Using this standard, South Carolina courts have held policy statements promising that "there will be no discrimination or recrimination" against an employee cannot support a breach of contract claim. *See e.g.*, *King v. Marriott Int'l, Inc.,* 520 F. Supp. 2d 748, 756–57 (D.S.C. 2007).

In her objections, Clark states that AGY's policies "include more than a general statement of nondiscrimination" and thus her claims should proceed. [ECF No. 27 at 2.] However, she fails to identify any definite or specific language. Clark's legal conclusions that AGY's policies are sufficient to create contractual obligations are not entitled to be accepted as true. The court agrees with the magistrate judge that Clark's breach of contract claims should be dismissed.[3]

## II.     Remaining Objections

Clark's remaining objections to the Report, quoted verbatim below, appear to relate to the magistrate judge's recommendation to dismiss her civil conspiracy claim:

> Here, the Plaintiff has alleged a pattern of behavior involving multiple acts by people acting in concert with a common purpose and design. There is no doubt that facts are alleged which are capable of supporting claims sounding in contract and tort. The facts no doubt suggest the strong possibility of retaliation and conspiracy.

---

principle of promissory estoppel may sometimes be used as a substitute for consideration, that does not help her claims here. Even assuming consideration was present, the magistrate judge's conclusion that anti-discrimination policies cannot sustain a breach of contract claim remains intact. Accordingly, this argument fails.

[3] Because the court finds Clark's breach of contract claim is properly dismissed, the court also adopts the magistrate judge's finding that Clark's breach of contract accompanied by a fraudulent act claim should also be dismissed. *See* ECF No. 26 at 11–12; *Dawkins v. Milliken & Co.*, No. CV 7:07-1157-HMH-BHH, 2008 WL 11456294, at *11 (D.S.C. May 1, 2008) (finding a breach of contract accompanied by a fraudulent act claim must fail upon dismissing the underlying breach of contract claim.)

> At this stage of the litigation, it is not necessary for the Plaintiff to unravel the origin of such a conspiracy or to apportion blame to each participant in it. The acts complained of themselves give rise to the inference of malicious intent, and discovery is necessary to fully flesh out the claims and the facts underlying them. Defendants may reargue this point in a motion for summary judgment, and that would be the appropriate stage at which to consider Defendants' argument. However, at the motion to dismiss stage, the argument should be rejected and discovery allowed to proceed.
>
> If Plaintiff's complaint is true, as must be assumed at this stage, the Defendant engaged in illegal, racist, fraudulent behavior that violates federal and state law, as well as public policy. Given the forecast of evidence as set forth in the complaint, the Plaintiff has the right to seek additional discovery which would likely shed important light on the pattern she has presented. For the reasons set forth above, the Plaintiff respectfully asks that this Court deny the Defendants' partial motion to dismiss.

[ECF No. 27 at 3.]

The court construes this as an objection to the dismissal of her civil conspiracy claim.

Clark claims Peake and Meyers conspired to harass Clark, retaliate against her, and cover up their tracks. [ECF No. 1 ¶¶ 93–98.] The magistrate judge found, even accepting these allegations as true, Clark failed to sufficiently allege facts to state a claim for civil conspiracy. *See* ECF No. 26 at 18–21. The court agrees.

To state a claim for civil conspiracy under South Carolina law, a plaintiff "must allege additional acts in furtherance of a conspiracy rather than reallege other claims within the complaint." *Hackworth v. Greywood at Hammett, LLC*, 682 S.E.2d 871, 874 (S.C. 2009). To survive a Rule 12(b)(6) dismissal challenge, a complaint must assert facts to support the conspiracy claim that are separate and distinct from those alleged in support of her other causes of action. *Land v. Barlow*, C/A No. 2:21-1883-RMG, 2021 WL 5997984, at *5 (D.S.C. Dec. 20, 2021) (noting that the South Carolina Supreme Court has "preserved the requirement that a Plaintiff allege 'facts in furtherance of the conspiracy separate and independent from other wrongful acts

7

alleged in the complaint' to state a claim."); *Paradis v. Charleston Cnty. Sch. Dist.*, 861 S.E.2d 774, 780 (S.C. 2021).

Here, Clark claims three acts as evidence of the alleged conspiracy: Clark's worker's compensation claim was revoked, Meyers and Peake gave Clark a downgraded performance review, and Clark was isolated from others. [ECF No. 1 ¶ 95.] But each of these actions is tied to other claims in her complaint. *See* ECF No. 26 at 19–21 (comparing Clark's civil conspiracy allegations to other claims). As Clark fails to allege facts in furtherance of the conspiracy independent of other wrongful acts alleged in the complaint, she fails to state a claim for civil conspiracy.[4] The magistrate judge was correct in her analysis.

## CONCLUSION

After a thorough review of the Report, the applicable law, and the record of this case, the court finds no clear error in the Report. The court reviewed de novo the parts of the Report to which Clark's objections relate. The court hereby adopts the Report and Recommendation, ECF No. 26. As a result, Defendants' motion to dismiss, ECF No. 10, is **GRANTED**. Clark's state-law claims fail under Rule 12(b)(6) and are properly dismissed **WITH PREJUDICE**.

**IT IS SO ORDERED.**

July 16, 2025
Columbia, South Carolina

Sherri A. Lydon
United States District Judge

---

[4] As to Clark's objection that discovery is needed to fully develop her claims, a lack of discovery is not a proper defense to a Rule 12(b)(6) motion to dismiss. Rather, a motion to dismiss for failure to state a claim challenges the legal sufficiency of a complaint. *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). A de novo review of the Report reveals the magistrate judge did not disregard these principles. Plaintiff's objection is overruled.